CLONAVOR REALTY CO., INC., A CORPORATION, PLAIN-TIFF-RESPONDENT, v. WILLIAM UNSCHEID, DEFEND-ANT-APPELLANT.

Submitted October 6, 1942—Decided December 10, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the defendant-appellant, *Ralph H. Jacobson* and *Joseph J. Schotland.*

For the plaintiff-respondent, *Charles Handler.*

The opinion of the court was delivered by

BODINE, J. The plaintiff had judgment and the defendant appeals.

In 1939, the plaintiff company in which a Joseph Green seems to have been largely interested, was engaged in a building operation in Livingston, New Jersey. In order to finance the operation, it applied to the defendant Unscheid for a loan on one of the houses to be built. He was to have a 5% bonus. The moneys were to be disbursed as the building progressed. When the plaintiff was in great need to meet an overdue payroll and materialmen's claims, the advance due was refused unless an agreement was signed, not only to pay a bonus for the money lent, but also another bonus of $175 on a house on which no loan was applied for or granted—the moneys to be deducted from the moneys in the attorney's hand. This was later paid by the disbursing attorney, and the present action was brought to recover the payment as an exaction under duress.

In this state, it was held in *Miller* v. *Eisele,* 111 *N. J. L.* 268, 281, that: "We are constrained by the weight of authority to adopt the view which holds that to constitute duress which in contemplation of the law will recognize as sufficient to make or render a payment of money involuntary there must be some actual or threatened exercise of power possessed, or supposed to be possessed, by the party exacting payment, from which the party making the payment has no other means of immediate and adequate relief of his person or of his property."

The problem for the learned Judge of the District Court, sitting without a jury, was whether the facts proved established duress. We think they clearly did. A builder who must fail, if he cannot obtain money, is inclined to agree to a harsh bargain. The work in part done is useless without completion. Neither workmen nor materialmen will work and supply goods without some payment. The builder knowing that a work progress loan has been granted relies upon it to finance the operation. To withhold payments due him till he agrees to pay another exaction is totally unconscionable.

To call the payment voluntary is to confuse the use of language.

Although there was throughout the dealings of the parties a studious effort to bring the exactions within the boundaries of legal principles, a trial judge may, as a jury, look through the form of things. As to the delay in bringing the action, the doors of law courts are closed only when the statutes so order.

The judgment is affirmed, with costs.